UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY KENNETH NEWLOVE,

    Plaintiff,

v.

ROBERT WATSON,

    Defendant.

_____/

Case No. 1:05-CV-125

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Robert Watson's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendant's Motion has been fully briefed and the Court finds oral argument unnecessary. W.D. LCIvR 7.2(d).

**I.     BACKGROUND**

Plaintiff is a private citizen. Defendant is a Michigan State Police Trooper. While on patrol June 12, 2004, Defendant observed Plaintiff's vehicle traveling with a cracked windshield and loud muffler. Defendant executed a traffic stop of Plaintiff's vehicle citing defective equipment. Plaintiff was the driver, while Plaintiff's wife rode in the front passenger seat and their two children occupied the rear seats.

During the traffic stop, Defendant asked Plaintiff to identify himself. Plaintiff responded with a false name. Plaintiff's wife eventually supplied Defendant with Plaintiff's correct name. Using Plaintiff's correct name, Defendant executed a computerized Law Enforcement Identification Network ("LEIN") search. The LEIN search indicated Plaintiff's motor vehicle operator's license was suspended. Defendant ordered Plaintiff to exit the vehicle. Plaintiff did so and now stood outside the open door of his vehicle and faced Defendant. His back was to the open door of his

vehicle. Defendant placed his hand on Plaintiff's arm and at this point Plaintiff knew he was under arrest.

While all this was transpiring, Plaintiff's children became more and more agitated. When Plaintiff exited the vehicle and faced Defendant, his children were crying uncontrollably. Plaintiff attempted to turn toward his children to calm their fears. Defendant, perceiving Plaintiff's movements as resisting arrest, lunged at Plaintiff and struck him with the palm of his hand, initially in the chest, and then continuing up to Plaintiff's throat.[1] Defendant pinned Plaintiff by the throat against the open door jam of his vehicle. Defendant then grabbed Plaintiff by the arm, using Plaintiff's arm to turn him around, and twisted the arm behind his back. This maneuver is known as an arm bar and places intense pressure on the victim's shoulder and elbow. Plaintiff reports he previously underwent shoulder surgery and Defendant, despite Plaintiff's pleas to release him, applied this hold for nearly one minute. Plaintiff believes his shoulder now requires another surgery.

Plaintiff was criminally prosecuted for this incident. A Newaygo County jury convicted Plaintiff of attempting to resist and obstruct a police officer. Plaintiff initiated this civil action pursuant to Title 42 of the United States Code, section 1983, averring that Defendant deprived Plaintiff of the protections guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's Complaint also alleges ancillary state law claims.

---

[1] Defendant concedes for purposes of his Motion for Summary Judgment only that he used a palm-heel strike to subdue Plaintiff. A palm-heel strike refers to a blow administered with the heel of the palm (where the hand meets the wrist). This is an extremely hard part of the hand because there are no bones that compress on impact with the target. The strength of this portion of the hand exacts a more penetrating, percussive blow on victims than would a fist.

## II.     STANDARD OF REVIEW

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough," *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

### III.     DISCUSSION

Defendant submits that a variety of reasons entitle him to summary judgment, those being: (1) Plaintiff cannot establish that Defendant's use of force was excessive under the Fourth Amendment; (2) Defendant is entitled to qualified immunity; and (3) given the Constitution's more specific provisions, Plaintiff's Fifth and Fourteenth Amendment claims are proper under the Fourth Amendment only.  Each contention merits discussion.

#### A.     Excessive Force and the Fourth Amendment

The Court begins any inquiry into whether a law enforcement official has used excessive force beyond what the Fourth Amendment allows by considering the officer's conduct and its reasonableness.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  What is reasonable "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* (quoting *Tenn. v. Garner*, 471 U.S. 1, 8 (1985)) (other citations omitted).  While unable to provide precise guidance given the infinite factual permutations, the Supreme Court counseled that the officer's conduct must be objectively reasonable given the totality of circumstances, without the benefit of hindsight.  *Id.* at 396-97.  Some non-exclusive factors this Court should consider include the underlying crime involved, the suspect's threat risk to officers or others, and whether he is actively resisting arrest or attempting to flee.  *Id.* at 396-97.

As a preliminary matter, Defendant seeks to collaterally estop Plaintiff's claim that Defendant acted unreasonably in light of his criminal conviction for attempting to resist and obstruct a police

officer.[2] For this proposition Defendant cites to *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) and *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987). The Court finds these precedents unavailing. Plaintiff's current lawsuit does not challenge the validity of his former conviction. Plaintiff simply believes that Defendant's use of force was excessive and unreasonable given the circumstances. A finding in his favor would not necessarily undermine the validity of his state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Donovan v. Thames*, 105 F.3d 291, 295-97 (6th Cir. 1997) (excessive force claim under section 1983 does not imply invalidity of conviction when claiming more force was used than necessary to arrest); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996) (same).

Moving to Defendant's substantive claim that he acted reasonably, Defendant contends that his actions comport with Michigan State Police policy, citing its Use of Force Continuum. The Continuum is a written grid designed to help gauge law enforcement personnel's response to listed degrees of subject resistance.[3] Defendant presumes Plaintiff actively resisted him, which the Continuum defines as any action by a subject that attempts to prevent the officer from gaining control of the subject. Under the Continuum, Defendant could respond with the type of force he

---

[2] Plaintiff's suggestion that attempting to resist and obstruct a police officer is not a crime under Michigan law is in error. Plaintiff is correct that the charge he was found guilty of does not specifically carry an attempt provision. However, the Michigan Penal Code provides for a global attempt provision, which will attach to any attempted offense when no express provision of the underlying offense specifically punishes attempt. *See* MICH. COMP. LAWS § 750.92.

[3] For example, under the Continuum a suspect is considered to be inactively resisting when he issues a blank stare, clenches his fists, or tightens his jaw muscles. The corresponding officer's response to this behavior is to identity official authority, verbally direct the suspect, or use handcuffs if the suspect submits to authority.

used if Plaintiff was actively resisting. Of course, the Continuum itself is not controlling and is simply an indicator of whether Defendant's use of force was excessive.

However, and after drawing all reasonable inferences in Plaintiff's favor, the Court is not convinced that Plaintiff's conduct can be fairly characterized as active resistance. A mere torso turn is not the same as pulling, pushing, or blocking (the Continuum's examples of active resistence). Consequently, the Court cannot affirm that Defendant's use of force was reasonable under the Continuum. A jury must decided this issue.

More importantly, the Court also cannot condone Defendant's use of force as objectively reasonable under *Graham*. Although it is true that Plaintiff moved while in Defendant's grasp and was found to have criminally attempted to resist arrest, it is unclear whether the use of force was a measured response to the threat presented, especially given the underlying crime. *Graham*, 490 U.S. at 396-97. The crime Plaintiff was arrested for (driving while his license was suspended) does not objectively signify an immediate threat to a reasonable officer. Plaintiff was unarmed and, absent his initial untruth, was cooperative with Defendant before the incident occurred.

Furthermore, other factors not specifically listed by *Graham* suggest Defendant's use of force was unreasonable. Plaintiff, by his own account, is of diminutive stature (standing 5'6" and weighing 140 pounds) whereas Defendant is relatively imposing (being 5'9" tall and weighing 210 pounds). Plaintiff was also with his family. It is less likely that a father would flee, instigate violence, or otherwise pose a threat to law enforcement officials when his wife and children are nearby. Accordingly, the Court finds fact issues surround whether Defendant's use of force was objectively reasonable and Defendant's Motion for Summary on this ground will be denied.

**B.     Qualified Immunity**

Defendant also believes he is entitled to qualified immunity. Qualified immunity shields government officials from monetary liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining if an officer is entitled to qualified immunity, the Sixth Circuit Court of Appeals endorses a sequential test. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999). First, Plaintiff has to allege a violation of a constitutionally or statutorily protected right; second, it must be shown that the right was clearly established such that a reasonable official would have understood his behavior violated that right; and third, Plaintiff has to allege sufficient facts, and support the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established rights. *Scicluna v. Wells*, 345 F.3d 441, 445 (6th Cir. 2003). Plaintiff is shouldered with the burden of proving that Defendant is not entitled to qualified immunity. *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).

As for the first step in the analysis, Plaintiff has sufficiently alleged that Defendant unreasonably used excessive force while arresting him, clearly implicating the Fourth Amendment. *Graham*, 490 U.S. at 395. At the very least, Plaintiff has raised a material issue fact as to whether Defendant violated his constitutional rights. *See St. John v. Hickey*, 411 F.3d 762, 772 (6th Cir. 2005) (relying on *Graham* and noting propriety of jury question as to whether plaintiff's resistance justified officers' use of force); *Donovan*, 105 F.3d at 297.

Continuing to the second step, when considering whether a right is clearly established, the Court will look first to decisions of the Supreme Court, then to decisions of the Sixth Circuit Court of Appeals, and finally to decisions of other circuits. *McBride v. Vill. of Michiana*, 100 F.3d 457,

460 (6th Cir. 1996) (citing *Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir. 1991)). Upon review of the status of the law, the Court asks: "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* At the time of the encounter it was clearly established that law enforcement personnel are prohibited from using excessive force when executing an arrest. *Graham*, 490 U.S. at 395. To whatever extent *Saucier* contemplates a further dimension of notice, it is satisfied here. *Saucier*, 533 U.S. at 205. "[T]he right of a nonviolent arrestee to be free from unnecessary pain knowingly inflicted during an arrest was clearly established as [of June 12, 2004], the day Defendant[] arrested [Plaintiff]." *St. John*, 411 F.3d at 774.

Concerning the final task in the analysis, Plaintiff has alleged sufficient facts, supported by competent evidence, to indicate that Defendant's behavior was objectively unreasonable in light of his clearly established rights.[4] Plaintiff has shown that the crime sparking his arrest was neither violent nor severe. His physical stature was no cause for concern. Plaintiff was unarmed and marginally cooperative. With his family in tow, Plaintiff presented no flight risk. Under the totality of circumstances present on June 12, 2004, "only a minimum of force was required to effectuate [Plaintiff's] arrest." *Id.* (referencing *Burchett v. Kiefer*, 310 F.3d 937, 946 (6th Cir. 2002) ("We have long recognized, for instance, that the Fourth Amendment permits detention using only 'the least

---

[4] The Court acknowledges the overlapping nature of its discussion concerning the reasonableness of Defendant's use force, but will continue the discussion nonetheless. *See Saucier*, 533 U.S. at 210 (JJ., Ginsburg, Stevens, and Breyer concurring) ("[T]he determination of police misconduct in excessive force cases and the availability of qualified immunity both hinge on the same question: Taking into account the particular circumstances confronting the defendant officer, could a reasonable officer, identically situated, have believed the force employed was lawful?").

intrusive means available.'")). Therefore, the Court will deny Defendant's claim to qualified immunity.

### C.     The Fourth Amendment as the More Specific Provision

Defendant's final contention is that Plaintiff's constitutional claims belong within the ambit of the Fourth Amendment only.  Plaintiff's Complaint sets forth claims under the Fourth, Fifth, and Fourteenth Amendments based on Defendant's alleged use of excessive force.

> Where [an] excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.

*Graham v. Connor*, 490 U.S. at 394.  Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment . . . must be the guide for analyzing these claims." *Id.* at 395.  The Supreme Court has reaffirmed this principle several times since it decided *Graham*. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842-44 (1998); *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Albright v. Oliver*, 510 U.S. 266, 273 (1994).  The Court perceives Plaintiff's Complaint as alleging excessive force claims against Defendant that are proper for the Fourth Amendment, but no other.

Notably, Plaintiff has not responded to Defendant's Motion on this score. *See* FED. R. CIV. P. 56(e) (non-movant must respond to Rule 56 motion or face entry of summary judgment against it).  Nor does Plaintiff's Complaint indicate precisely how the Fifth or Fourteenth Amendment rights have been impacted by the facts as pled.  Accordingly, the Court will grant Defendant's Motion on this ground and dismiss Plaintiff's claims under the Fifth and Fourteenth Amendments.

## IV. CONCLUSION

Therefore, the Court will grant in part and deny in part Defendant Robert Watson's Motion for Summary Judgment. An Order and Partial Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |